# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN J. AYARZA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-370-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks an award of attorneys' fees and costs in the aggregate amount of $4,598.60 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 24]. The Commissioner indicates that he has no objection to an award of costs in the amount of $350.00, but he *does* object to an award of attorneys' fees in the amount of $4,248.60 as "unnecessary and excessive." For the reasons set forth below, the Court concludes that the Plaintiff should be awarded attorneys' fees and costs under the EAJA as the prevailing party herein.

The Plaintiff's motion and the Commissioner's response raise three issues: (i) whether the Plaintiff should be denied attorneys' fees under the EAJA because the Court reversed the Commissioner's denial of benefits on grounds other than those argued by the Petitioner; (ii)

whether any attorneys' fees awarded under the EAJA belong to the Plaintiff's attorney rather than to the Plaintiff herself; and, (iii) whether the Plaintiff's attorney has a lien on any EAJA award with priority over the government's right of offset under 31 U.S.C. § 3716. The Court will address each of these issues *seriatim*.

First, the Court concludes that the Plaintiff should not be denied attorneys' fees under the EAJA just because reversal was for reasons other than those argued by her attorney.[1] The Commissioner's argument is *ostensibly* that attorneys' fees incurred by the Plaintiff in briefing unsuccessful appellate propositions were not reasonably expended. *See, e. g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.' . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]") [citation omitted]. Because this applies to *all* of the Plaintiff's appellate propositions, the Commissioner contends that the Plaintiff is entitled to *no attorneys' fees* under the EAJA. The Commissioner's argument is thus *essentially* that his position on appeal was substantially justified because the Plaintiff did not prevail on any of her appellate propositions. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the

---

[1] The Plaintiff raised the following issues on appeal: (i) the ALJ erred by failing to find her mental impairments severe at step two; (ii) the ALJ erred by failing to include any of her mental limitations in the RFC; and, (iii) the ALJ erred by finding she had the RFC to perform past relevant work. The Court did not address these contentions but reversed the Commissioner's decision and remanded to the ALJ for the following reasons: (i) the ALJ found the Plaintiff had a severe hand impairment but he failed to include any related limitations in her RFC; and, (ii) the ALJ failed to discuss probative evidence of the impairment that was inconsistent with his RFC determination.

position of the United States was substantially justified or that special circumstances make an award unjust."). Neither characterization is persuasive.

In order to show that his position was substantially justified, the Commissioner must show "that there is a reasonable basis . . . for the facts alleged . . . [;] that there exists a reasonable basis in law for the theory [he] propounds; and that the facts will reasonably support the legal theory advanced." *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) [quotation marks omitted], *quoting Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988), *quoting United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir.), *cert. denied*, 469 U.S. 825 (1984). The Commissioner's position must be reasonable not only on appeal to this Court but also in the administrative proceedings below. *Id*. ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986).

The Court does not find that the Commissioner's position was substantially justified simply because reversal was for reasons other than those specifically raised by the Plaintiff. The Commissioner may well have taken a reasonable position on the Plaintiff's appellate propositions, but he never addressed the reasons given by the Court for reversing the denial of benefits and therefore has not shown that his position with regard thereto was substantially justified. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting*

*United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).² Further, as the *Hensley* court specifically noted, "the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." 461 U.S. at 435. What matters here is that the Plaintiff was successful in obtaining substantial relief, *i. e.*, a reversal of the Commissioner's denial of benefits. *See id.* at 440 ("[A] plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."). *See also Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154, 161-62 (1990) ("[A]bsent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses *all* aspects of the civil action. . . . While the parties' postures on individual matters may be more or less justified, the EAJA-like other fee-shifting statutes-favors treating a case as an inclusive whole, rather than as atomized line-items.") [emphasis added].

The Court therefore concludes that the Plaintiff should be awarded attorneys' fees as the prevailing party under the EAJA. *See, e.g., Gibson-Jones v. Apfel,* 995 F. Supp. 825,

---

² Even if the Commissioner had addressed the reasons given by the Court for reversal, it is doubtful his position could have been deemed substantially justified. As is discussed above, the Court reversed the Commissioner's denial of benefits because the ALJ failed to make appropriate findings as to the Plaintiff's severe hand impairment. Inasmuch as it is the ALJ who must provide the reasons for his decision, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it seems unlikely that anything the Commissioner might have said on appeal could amount to substantial justification.

826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position."). The Commissioner does not contend that the individual amounts billed by the Plaintiff's attorney were "unnecessary and excessive" in and of themselves, and they do not appear to be. Consequently, the Court finds that said amounts are reasonable and hereby awards attorneys' fees to the Plaintiff in the amount of $4,248.60.

Second, the Plaintiff's contention that her EAJA award belongs to her attorney is precluded by *Manning v. Astrue,* 510 F.3d 1246 (10th Cir. 2007). The *Manning* court made numerous statements flatly inconsistent with the idea that an EAJA award belongs to an attorney rather than to the prevailing plaintiff. *See*, *e. g.*, *id.* at 1249-50 ("As the district court found, this statutory language clearly provides that the prevailing party, who incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees."); *id.* at 1251 ("Although the statutory language alone makes it clear that the prevailing party and not the attorney may recover an award of attorney's fees, the legislative history for the EAJA also makes it clear that certain prevailing parties, and not their attorneys, may recover attorney's fees when the government's action was not substantially justified. . . . This statement of purpose directly addresses the question whether the EAJA fees are for the claimant or for the claimant's attorney and clearly states that the fees are for the claimant."); *id.* at 1252 ("Further support for the conclusion that *the EAJA award is for the prevailing*

*party and not for the attorney* is the settled law that the attorney does not have standing to apply for the EAJA fees; that right belongs to the prevailing party.") [emphasis added]; *id.* at 1254 ("But because, as discussed above, *the EAJA attorney's fees belong to the prevailing party*, we can easily conclude that Ms. Manning is properly taxed on that income.") [emphasis added]; *id.* at 1255 ("Although *we conclude that the award of EAJA attorney's fees is to Ms. Manning and not to her attorney*, we recognize that perhaps the answer is not as clear as it would appear to be from the statutory language, legislative history, and case law.") [emphasis added]. Indeed, the *Manning* court specifically rejected the argument made here by the Plaintiff, *i. e.*, that an EAJA award belongs to the prevailing party's attorney even though the prevailing party must request it herself: "Ms. Manning argues that even though the EAJA statute gives her the right to claim the fees, her attorney has the right to receive the awarded fees. . . . [W]e reject this argument." *Id*. at 1252.

Third, the Court declines to address the Plaintiff's contention that her attorney has a lien on her EAJA award with priority over the government's right of offset under 31 U.S.C. § 3716. Although this argument was raised in *Manning*, the court refused to consider it because it was not developed at the district court level. 510 F.3d at 1249 ("[W]e do not address any issue concerning an attorney's lien. Specifically, we decline to address whether an attorney's lien attached to the award of attorney's fees; if a lien attached, how that lien attached; how to enforce an attached attorney's lien; how to collect on the attorney's lien; or

whether a lien would have priority.").[3] There is no reason to develop it here because (unlike in *Manning*) there is no indication that the Plaintiff owes the government any debt against which her EAJA award may be offset. Any resolution of the lien claim asserted by the Plaintiff on behalf of her attorney would therefore be advisory only. *See, e. g., Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.' Its judgments must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"), *citing North Carolina v. Rice,* 404 U.S. 244, 246 (1971), *quoting Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241 (1937).[4]

---

[3] While it is not entirely clear, the Plaintiff seems to be suggesting that attorneys' fees awarded under the EAJA belong to her attorney *because* there is a statutory charging lien on the award. But Oklahoma law is to the contrary, *i. e.*, a lien creates no ownership interest. *See, e. g., Williamson v. Winningham,* 1947 OK 231, ¶ 23, 186 P.2d 644, 650 ("A lien is a charge upon property for the payment or discharge of a debt or duty. It is a qualified right, a proprietary interest in the property of another.") [citations omitted]. *See generally* 51 AM. JUR. 2D *Liens* § 2 ("A lien is only a charge or encumbrance upon property; it is not a title to property; and it is necessarily supposed that title is in someone other than the lienholder.").

[4] It is worth noting that the Plaintiff offers no proof of her claim that her attorney has a charging lien on the proceeds of this action (including any EAJA award), such as an endorsement on the initial pleading filed herein. *See* 5 Okla. Stat. § 6. Nor do the statutes cited by the Plaintiff in support of her claim that the charging lien has priority over the government's right of offset mention any such priority. *See* 31 U.S.C. §§ 3711, 3716. Further, the fact that the government's right of offset survives an *assignment* of the claimant's right to receive payment suggests that the right of offset would likewise survive the granting of a lesser interest such as a lien. *See* 31 C.F.R. § 285.5(e)(6)(ii)(C) (indicating that the government's right of offset is not defeated by any assignment unless "the debtor has properly assigned the right to such payments and *the debt arose after* the effective date of the assignment.")[emphasis added]. In any event, sovereign immunity generally bars the assertion of any lien claim against funds held by the government. *See, e. g., Knight v. United States,* 982 F.2d 1573, 1578 (Fed. Cir. 1993) ("[U]nless the United States has

Accordingly, for the reasons set forth above, the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 24] is hereby GRANTED insofar as it seeks an award of attorneys' fees and costs to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded attorneys' fees in the amount of $4,248.60 and costs in the amount of $350.00.

**IT IS SO ORDERED** this 4th day of March, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

---

submitted itself to such state law, an attorney lien statute, like a state garnishment statute, has no force or effect against it and places no restraints on the government's payment of its obligations to another, including the payment of wages."). *See also Department of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 264 (1999) ("Our holding today is in accord with our precedent establishing that sovereign immunity bars creditors from attaching or garnishing funds in the Treasury, or enforcing liens against property owned by the United States[.]") [citations omitted].