# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN J. AYARZA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-370-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff Kathleen J. Ayarza appealed the Commissioner of the Social Security Administration's denial of benefits. Upon appeal by the Plaintiff, the Court reversed and remanded for further proceedings, which resulted in a disability determination and an award of $51,642.00 to the Plaintiff in past-due benefits. The Plaintiff now seeks an award of costs and attorney's fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that Plaintiff's Attorneys' Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 30] and Plaintiff's Attorney's Supplemental Motion for an Award of Attorney Fees Under 42 U.S.C. 406(b) [Docket No. 35] should be granted, and that the Plaintiff's counsel should be awarded $11,800.00 in costs and attorney's fees.

While Section 406(b) does not dictate the precise length of time one has to file a request for fees, the Tenth Circuit has held that "the best option . . . is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."

*McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006). Thus, a motion for Section 406(b) fees must be filed within a reasonable time of receipt of the notice of award. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). While the notice of award is dated February 24, 2009, Plaintiff's attorney has shown that his office was unable to obtain a copy of said notice until July 24, 2010.[1] Therefore, the undersigned finds that said delay will not preclude an award of attorney's fees under Section 406(b).

The Court finds that the Plaintiff moved for attorneys' fees within a reasonable time and that his motion was therefore timely pursuant to Fed. R. Civ. P. 60.[2] *See McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in

---

[1] Because of the seventeen month delay between the issuance of the notice of award and the receipt of said notice, the Court ordered that Plaintiff's attorney supplement his Motion and supporting brief with an explanation regarding Plaintiff's attorney's efforts at securing a copy of the notice of award. A review of Plaintiff's attorney's filed motions, time records, and fax transmission receipts shows that Plaintiff's counsel *did* undertake reasonable efforts to obtain the notice of award. Faxes generated by the firm were regularly sent to the agency representative inquiring about the status of the notice of award in September 2009, October 2009, January 2010, April 2010, and July 2010.

[2] As noted *supra*, 406(b) motions are to be filed within a reasonable time under Fed. R. Civ. P. 60(b)(6). Typically, motions filed under Fed. R. Civ. P. 60(b)(6) are filed when the party has a *reason for filing* the motion; in the case of 406(b) motions, that reason would be the receipt of the notice of award, since it is impossible for counsel to calculate attorney's fees without the notice of award. Thus, the undersigned expects a 406(b) motion to be filed within a reasonable time of receiving the notice of award. The undersigned also expects that attorneys will undertake reasonable efforts to *obtain* the notice of award. Therefore, in evaluating the timeliness of a 406(b) motion, the undersigned anticipates satisfactory explanations regarding the efforts undertaken by counsel to obtain the notice of award *and* an explanation regarding the delay, if any, between the receipt of the notice of award and the filing of the 406(b) motion.

seeking a § 406(b)(1) fee award.") [citations omitted]. *See also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). The Court also concludes that the amount awarded to the Plaintiff for past-due benefits was $51,642.00.

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The 25% limitation does not include any fee awarded to the Plaintiff's agency representative by the Commissioner under 42 U.S.C. § 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted]. The Plaintiff's fee request of $11,800.00 does not exceed 25% of past-due benefits, so the Court need only consider whether this is reasonable given the work performed in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, *id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall to counsel. *Id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these factors, the Court concludes that $11,800.00 is a reasonable amount of attorney's fees for the work done in this case.

First, it is clear the Plaintiff was ably represented by his attorney and obtained excellent results in his appeal to this Court. The Plaintiff's attorney prepared a detailed brief which resulted in remand of the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Plaintiff was thus the prevailing party and received $4,248.60 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Second, there is no evidence counsel caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorney, who spent approximately 25.80 hours working on the Plaintiff's case before this Court. *See* Docket No. 31, Ex. 4. This equates to an hourly rate of approximately $457.36. Plaintiff's attorney states that members of his law firm, Saunders & Saunders,

have billing rates of $185.00 and $250.00 per hour, respectively. *See* Docket No. 31, Ex. 5, Ex. 6. An hourly rate of $457.36, however, is clearly not excessive where the fee was contingent and the risk of loss was more than negligible. The Court therefore concludes that the requested fee of $11,800.00 is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner withheld $12,910.50 from the Plaintiff's past-due benefits but has already awarded $5,300.00 to the Plaintiff's attorneys for work performed at the agency level. *See* Docket No. 31, Ex. 3. Thus, although the court hereby awards the Plaintiff $11,800.00 in attorneys' fees under 42 U.S.C. § 406(b), the Commissioner retains only $7,610.50 to pay the Plaintiff's attorneys. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Nevertheless, because the amount awarded herein exceeds the $4,248.60 in EAJA fees previously awarded by the Court, the Plaintiff's attorney must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, Plaintiff's Attorneys' Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 30] and Plaintiff's Attorney's Supplemental Motion for an Award of Attorney Fees Under 42 U.S.C. 406(b) [Docket No. 35] are hereby GRANTED. The Court approves an award of attorney's fees in the amount of $11,800.00 to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1). The Commissioner is hereby directed to pay the Plaintiff's attorney the balance of the past-

due benefits in his possession. The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 21st day of January, 2011.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**